**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DONELL FREEMAN, | : | |
| Plaintiff, | : | Civ. No. 20-13341 (KM) (ESK) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **OPINION** |
| Defendants. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff, Donell Freeman, is a state prisoner currently confined at Northern State Prison in Newark, New Jersey. He is proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. (DE 1.) He also filed an application for leave to proceed *in forma pauperis.* (DE 1-1.) As an initial matter, leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. The Court must now review the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed at the screening stage for failure to state a claim.

## II.   BACKGROUND AND ALLEGATIONS

The complaint purports to be a class action on behalf of all inmates at Northern State Prison, for whom Mr. Freeman is the "representative." (DE 1 at 11.) The complaint is signed by Freeman, as well as several other inmates. (*Id.*) The named defendants are: (1) the United States of America, its agencies, and its employees; and (2) Donald Trump, President of the United States.

(*Id.* at 4.) Plaintiff alleges that President Trump and the United States of America have been deliberately indifferent to the serious medical threat posed by the COVID-19 pandemic. (*Id.* at 4.) He argues that Defendants were aware of the grave health risk posed by COVID-19 since January 2020 but downplayed the seriousness of the virus in a grossly negligent manner. (*Id.*)

The complaint alleges that many Northern State Prison inmates became ill and died as the result of COVID-19. (*Id.* at 5.) Despite these tragic events, Plaintiff contends, it took several months before the inmates were provided with adequate measures to protect themselves such as masks, quarantine areas, and testing. (*Id.* at 5.) When inmates tried to create and wear their own makeshift face masks, they were ordered by prison staff to remove them. (*Id.* at 12.) When some inmates indicated trepidation about continuing their cleaning jobs during the pandemic, they were informed that if they refused to conduct their duties, they would be placed in "lock up." (*Id.*) Inmates were therefore forced to continue their daily jobs, such as cleaning, without personal protective equipment. (*Id.* at 5–6.) Plaintiff himself was forced to clean medical vehicles that transported COVID-19 patients, despite not having access to personal protective equipment. (*Id.* at 6, 12.) Plaintiff eventually contracted COVID-19 and was placed into quarantine for four months. (*Id.* at 6.)

Plaintiff submits that these actions were unconscionable, given that President Trump and the United States knew about the threat COVID-19 posed but lied about its severity. (*Id.* at 10.) He argues that inmates were subjected to an unreasonable health and safety risk, that some prisoners became ill and died as a result of Defendants' inaction, and that someone "must be held responsible." (*Id.*) The complaint demands monetary relief in the amount of $1,000,000,000. (*Id.* at 6.)

**III.     LEGAL STANDARD**

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints when the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.*

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). The Supreme Court has explained that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.     DISCUSSION

### A.     Immunity

The complaint names both President Trump and the United States of America as Defendants. These Defendants, however, are immune from suit. "[I]t is a 'well settled principle that the federal government is immune from suit save as it consents to be sued.'" *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996) (quoting *FMC Corp. v. United States Dep't of Commerce*, 29 F.3d 833, 839 (3d Cir. 1994)). Absent an express waiver, sovereign immunity shields the federal government from suit. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). This immunity also extends to federal government agencies and employees who are sued in their official capacities. *Antol*, 82 F.3d at 1296; *see also Matsko v. United States*, 372 F.3d 556 (3d. Cir. 2004). Moreover, the President of the United States is immune from suit for all official actions taken during his time in office, as well as for acts conducted "within the 'outer perimeter' of his official responsibility." *Nixon v. Fitzgerald*, 457 U.S. 731, 751, 756 (1982).

Section § 1983, the statute under which plaintiff sues, is not a waiver of that immunity; indeed, it authorizes a suit only against state official, and it does not apply to federal officials at all. *See Sharma v. Trump*, Civ. No. 20-944, 2020 WL 5257709, at *2 (E.D. Cal. Sept. 3, 2020), *report and recommendation adopted*, Civ. No. 20-944, 2020 WL 5944189 (E.D. Cal. Oct. 7, 2020) ("Section 1983 does not impose civil liability on a federal actor, such as the president." (citing *Russell v. U.S. Dept. of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999))). Nor is a *Bivens* action,[1]

---

[1] Although Congress enacted § 1983 to provide money damages for individuals whose constitutional rights were violated by state officials, no analogous statute was created for individuals whose Constitutional rights were violated by federal officials.  In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390 (1971), however, the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2002) (internal quotation

which applies to certain actions taken by federal officials, a waiver of that immunity under these circumstances. *See Jorden v. Nat'l Guard Bureau*, 799 F.2d 99, 106 (3d Cir. 1986) ("[I]mmunity for federal officers from *Bivens* claims is identical to that of state officers from § 1983 suits."); *see also Nixon*, 457 U.S. 731 (finding that a president of the United States was entitled to absolute immunity from *Bivens* actions); *Rouse v. Trump*, Civ. No. 20-12308, 2020 WL 6701899, at *4 (E.D. Mich. Nov. 13, 2020) ("[T]o the extent plaintiffs seek money damages from the President pursuant to *Bivens* . . ., the President is entitled to absolute immunity from damages liability predicated on his official acts." (internal quotation marks and citations omitted)).

Here, Plaintiff's complaint criticizes President Trump's handling of the COVID-19 pandemic, an action which the President took while performing his official duties. Plaintiff does not identify or allege an action that President Trump took that was not performed pursuant to his official duties or within the outer perimeter of his official responsibility. Accordingly, the claims against both the United States of America and Donald Trump must be dismissed with prejudice because both are immune from suit.

B.   **Class Action**

Plaintiff's complaint also purports to be a class action for which he is the "representative." (DE 1 at 11.) Under Federal Rule of Civil Procedure 23(a)(4), "plaintiffs can only maintain a class action if the class representative will fairly and adequately protect the interests of the class." *Gittens v. Scholtz*, No. 18-2519, 2019 WL 3417091, at *6 (D.N.J. July 29, 2019) (internal citation and quotation marks omitted). Courts have consistently held, however, "that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" *Maldonado v.*

---

marks and citation omitted).  These actions against federal officials are referred to as *Bivens* actions.

*Terhune*, 28 F. Supp. 2d 284, 288 (D.N.J. 1998) (quoting *Caputo v. Fauver*, 800 F. Supp. 168 (D.N.J. 1992)); *see also Lewis v. City of Trenton Police Dep't,* 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis [the prisoner plaintiff], who is proceeding *pro se*, may not represent a putative class of prisoners.") (emphasis in original); *Hagan v. Rogers*, 570 F.3d 146, 158–59 (3d Cir. 2009) ("[W]e do not question the District Court's conclusion that *pro se* litigants are generally not appropriate as class representatives."). Here, Plaintiff is a prisoner acting pro se, and is therefore not an appropriate representative to bring a class action on behalf of other prisoners. Thus, at this juncture, the complaint will not be permitted to proceed as a class action.

## V.     CONCLUSION

For the foregoing reasons, the claims against the United States of America and Donald Trump will be dismissed with prejudice as they are not amenable to suit under § 1983. Plaintiff will be provided an opportunity to file an amended complaint within 30 days. An appropriate order follows.

DATED: December 16, 2020

/s/ Kevin McNulty

KEVIN MCNULTY
United States District Judge